UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SERGEY MIKHAYLOVICH SHEVCHUK,

Petitioner,

v.

BRUCE SCOTT, Warden of the Northwest ICE Processing Center, and MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security,

Respondents.

No. 2:26-CV-01872-SAB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner's Second Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is represented by Vicky J. Currie. Respondents are represented by Alixandria Morris.

Petitioner is detained pursuant to 8 U.S.C. § 1226(c) as Petitioner previously admitted to immigration officials that he was, at some point, addicted to methamphetamine. On May 20, 2026, this Court granted Petitioner's First Petition for Writ of Habeas Corpus, Case No. 2:26-CV-01408-SAB, and ordered Respondents to hold a bond hearing. Respondents were directed to show by clear

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS \* 1**

and convincing evidence that Petitioner is a danger to the community or poses a risk of flight. Further, the bond hearing must comport with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and Petitioner must be allowed to present evidence of financial circumstances or alternative conditions of release that would mitigate any dangerousness or risk of flight. A bond hearing was held on May 27, 2026, and the Immigration Judge (IJ) denied bond, finding that Petitioner's criminal history made him a danger to the community and a flight risk.

At the bond hearing, Respondents provided evidence of Petitioner's criminal history, including several DUI's, ignition interlock violations, and hit and runs. Petitioner's criminal history largely occurred prior to 2016, and he has one recent conviction for Driving While License Suspended. Respondents asserted Petitioner's criminal history established by clear and convincing evidence that Petitioner is a danger to the community and a flight risk.

In support of his bond hearing, Petitioner presented evidence of familial ties to the United States, a daughter with a disability that relies on him for support, his role as the sole financial provider for his family, and his history of stable employment. Petitioner also discussed his difficulty in securing access to medically necessary prescription antipsychotic medication and therapeutic treatments while in custody, which has caused a decline in his mental condition.

The IJ found that Respondents had met their burden and had shown, by clear and convincing evidence, that Petitioner is a danger to the community and is a flight risk due to his criminal history. The IJ did not discuss or weigh the evidence presented by Petitioner or consider any conditions of release that could mitigate any risk presented by Petitioner.

Petitioner subsequently filed a Second Petition for Writ of Habeas Corpus, asserting the bond hearing was constitutionally inadequate as the IJ's findings and conclusions were unsupported by factual findings, legal reasoning, or meaningful

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS \* 2**

application of statutory and constitutional standards.

The Court has jurisdiction to review IJ custody determinations for legal error, including whether an IJ's bond decision was arbitrary, applied the wrong legal standard, or violated due process. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024). The habeas court's review of an IJ's determination of flight risk is for abuse of discretion. *Id*. at 784-85. When conducting such a review, the court may only determine whether the IJ applied the correct legal standard, not reweigh the evidence. *Id*. District courts look to whether the IJ explained their reasoning and conclusions, finding that IJs abused their discretion where no reasoned connection was drawn between the IJ's factual findings and determination of flight risk. *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *5 (W.D. Wash. Apr. 10, 2026). Due process requires a meaningful and individualized bond determination, including a reasoned decision based on the evidence presented and a contemporaneous record sufficient for review. *Singh*, 638 F.3d at 1203-04.

Exhaustion of administrative remedies is not a jurisdictional prerequisite for habeas petitions. *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001). However, some Courts require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before pursuing habeas relief. *Id.* In evaluating whether to require administrative exhaustion prior to seeking review by an Article III court, a court must consider: (1) whether agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) whether relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) whether administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Exceptions to this exhaustion requirement include "situations… where administrative remedies are inadequate or not efficacious, pursuit of administrative

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS * 3**

remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 n.4 (9th Cir. 1981). The exhaustion requirement is also waived when a petitioner challenges issues other than the BIA's ruling on removability. *Laing v. Ashcroft*, 370 F.3d 994, 1001 (9th Cir. 2004).

As a preliminary matter, the Court finds it has jurisdiction to review whether the bond hearing satisfied due process requirements and comports with statutory and constitutional requirements, as Petitioner is challenging whether the IJ's findings and conclusions were supported by clear and convincing evidence.

Respondents assert the Court should require Petitioner to exhaust his administrative remedies before the Court reviews his petition, as the Board of Immigration Appeals (BIA) has subject matter expertise, allowing review at this stage would allow Petitioner to bypass administrative appellate procedures, and the BIA is capable of correcting any potential errors made by the IJ during the bond hearing.

The facts in this case are undisputed. Petitioner does not deny his criminal history. The issue is whether the undisputed evidence presented at the bond hearing established whether Petitioner posed a flight risk or a danger to the community, or more simply put, whether the hearing comported with due process requirements. The BIA lacks the authority to review constitutional questions like this.

Further, one of the exceptions to prudential exhaustion under *Laing* applies. Although it appears Petitioner was recently prescribed Seroquel and continues to be monitored by medical professionals, his psychological condition has declined while in custody and it does not appear that he has access to therapeutic treatments that he had access to prior to being detained. He faces irreparable injury from continued detention while awaiting BIA review. *Laing*, 370 F.3d at 1001; *see also Scott v. Wamsley*, Case No. 2:25-CV-1819, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025).

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS * 4**

Petitioner asserts the IJ's bond denial was constitutionally deficient as the IJ failed to meaningfully consider evidence presented by Petitioner. Immigration judges may consider the following factors in making bond determinations: (1) whether the noncitizen has a fixed address in the United States; (2) the noncitizen's length of residence in the United States; (3) the noncitizen's family ties in the United States, and whether they may entitle the noncitizen to reside permanently in the United States in the future; (4) the noncitizen's employment history; (5) the noncitizen's record of appearance in court; (6) the noncitizen's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the noncitizen's history of immigration violations; (8) any attempts by the noncitizen to flee prosecution or otherwise escape from authorities; and (9) the noncitizen's manner of entry into the United States. *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).

Here, it appears the IJ relied on Petitioner's criminal history in concluding that he was a flight risk. The IJ determined that Petitioner's failure to comply with court orders regarding use of ignition interlock devices establishes that there is a risk of failure to comply with future court orders regarding immigration proceedings. It does not appear that the IJ engaged in any meaningful analysis or consideration of the mitigating factors presented by Petitioner, or of any possible conditions of release that could mitigate any flight risk or danger to the community. Accordingly, the bond hearing was constitutionally deficient and the IJ abused his discretion in denying bond.

Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). Other courts have ordered immediate release when a petitioner received a constitutionally inadequate bond hearing. *See Soriano*, 2026 WL 969764, at *6; *W.T.M. v. Bondi*, No. 2:25-CV-02428-RAJ-BAT, 2026 WL 262583 (W.D. Wash. Jan. 30, 2026) (immediate release is appropriate when there were pervasive due process violations

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS * 5**

in bond hearing); *Miri v. Bondi*, No. 5:26-CV-00698-MEMF-MAR, 2026 WL 622302 (C.D. Cal. Mar. 5, 2026) (immediate release is appropriate when immigration judge abused discretion in bond hearing). In light of Petitioner's difficulty securing access to proper medication and therapeutic treatments and the constitutional violations that occurred at the bond hearing, the Court finds it appropriate to order Petitioner's immediate release.

Accordingly, **IT IS ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. **Within one (1) day of the date of this order, Respondents shall release Petitioner from immigration detention**. Within two (2) days of the date of this order, Respondents shall file a certification that Petitioner has been released.

3. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

4. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 23rd day of June 2026.

_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS * 6**